UNITED STATES of America, Plaintiff-Appellee,

v.

105.22 ACRES OF LAND, MORE OR LESS, Situated IN the TOWNS OF MIDDLEBURY, ET AL., COUNTY OF NEW HAVEN, STATE OF CONNECTI-CUT, and Peter J. Regan, et al., Defendants-Appellants.

No. 525, Docket 73–1794.·

United States Court of Appeals, Second Circuit.

Argued Feb. 26, 1974.

Decided May 20, 1974.

David S. Maclay, Bridgeport, Conn. (Marsh, Day & Calhoun, Bridgeport, Conn., on the brief), for defendants-appellants.

Terrence L. O'Brien, Atty., Dept. of Justice, Washington, D.C. (Wallace H. Johnson, Asst. Atty. Gen., and George R. Hyde, Atty., Dept of Justice, Washington, D.C., Stewart H. Jones, U.S. Atty., Bridgeport, Conn., and Henry S. Cohn, Asst. U.S. Atty., Hartford, Conn., on the brief), for plaintiff-appellee.

Before LUMBARD, FRIENDLY and TIMBERS, Circuit Judges.

PER CURIAM:

Appellant landowners appeal from a judgment entered March 9, 1973 in their favor in a land condemnation action after a bench trial in the District of Connecticut before M. Joseph Blumenfeld, *Chief Judge.*

The property which was condemned on April 4, 1967 consisted of 35.9 acres of land, together with a house, a barn and a roadside snack bar. The property was located almost entirely in the extreme southwest corner of Waterbury, where the town lines of Waterbury, Naugatuck and Middlebury converge. The property was condemned by the United States for public use as part of a ·flood control project in the Housatonic River Basin.

After a thorough condemnation trial, at which the parties agreed that the highest and best use of the property was for development purposes in conformity with existing zoning, Chief Judge Blumenfeld filed a memorandum of decision setting forth his findings of fact and conclusions of law. He found that the fair market value of the property at the time of taking was $84,800. Since the government had already paid $54,600 at the time the declaration of taking was filed, Chief Judge Blumenfeld ordered that judgment enter for the difference between the two sums, plus interest on the difference at the rate of 6% per annum since April 4, 1967.

On appeal, appellants' essential contention is that the award was too low.

They seek in effect a trial de novo in this Court. We have carefully considered all of appellants' claims of error and find them without merit. Whatever our own views might have been as to fair market value had we been the triers of the facts, we cannot say that Chief Judge Blumenfeld's findings were clearly erroneous. We affirm on his unreported opinion. Civil Action No. 11893, D.Conn., filed February 9, 1973.

Affirmed.